IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| JACK RILEY BUTTURINI, JR., ) | |
| d/b/a MARTIAL ARTS AMERICA, ) | |
| f/d/b/a JACK BUTTURINI AMERICAN ) | |
| KARATE, f/d/b/a BUTTURINI ) | |
| FAMILY KARATE, ) | |
| KATHARINE BROWN BUTTURINI, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | No. 3:08-CV-123 |
| ) | |
| JACK RILEY BUTTURINI, JR., *et ux.*, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| DEAN FARMER, TRUSTEE, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

Debtors Jack Riley Butturini, Jr. and Katharine Brown Butturini ("Debtors") appeal the February 8, 2008 ruling of the bankruptcy court limiting them to a $7,500.00 homestead exemption. For the reasons that follow, the judgment of the bankruptcy court will be reversed.

I.

*Background*

The Debtors are husband and wife. They are under sixty-two years of age and own their personal residence, located in Lenoir City, Tennessee, as tenants by the entirety. They have one minor child in their custody.

The Debtors filed their Chapter 7 bankruptcy petition on September 13, 2007. Therein, they claimed a $50,000.00 homestead exemption, to which appellee Dean Farmer, Chapter 7 Trustee ("Trustee"), then objected. The bankruptcy court sustained the Trustee's objection and limited the Debtors to a $7,500.00 homestead exemption. The present appeal followed.

At issue in this case is section 26-2-301 of the Tennessee Code.[1] In its current form, section 26-2-301 provides in material part,

> (a) An individual, *whether a head of family or not*, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual *or the individual's spouse* or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead <u>exemptions</u>, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding . . . . Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving *spouse* . . . .

---

[1] Tennessee's statutory exemptions, rather than the federal exemptions, are applicable in this bankruptcy case. *See* Tenn. Code Ann. §26-2-112; 11 U.S.C. § 522(b).

> . . .
>
> (e) Notwithstanding the provisions of subsection (a) to the contrary, an *unmarried* individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) . . . ; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) . . . ; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) . . . .
>
> (f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.

Tenn. Code Ann. § 26-2-301 (emphases added).

Subsection (f) went into effect on June 27, 2007. The Debtors contend that they are each entitled to a $25,000.00 homestead exemption under this newly-enacted provision, for a total of $50,000.00. The bankruptcy court held that the Tennessee legislature's use of the word "individual" in subsection (f) restricts application of that provision to unmarried persons only. Because the Debtors are married, the bankruptcy court held that they may not take advantage of subsection (f) at all, and that they are instead limited to the $7,500.00 aggregate homestead exemptions under § 26-2-301(a).[2] Thus, there are in effect two distinct issues before this court: (1) whether any married person can claim

---

[2] In part, the bankruptcy court looked to the definition of "individual" found in Black's Law Dictionary. *See* Black's Law Dictionary 777 (7th ed. 1999) ("relating to a single person or thing, as opposed to a group").

3

subsection 26-2-301(f)'s $25,000.00 homestead exemption; and, if so, (2) whether two spouses can claim the $25,000.00 exemption for a total of $50,000.00.

II.

*Standard of Review*

The present appeal solely involves contested issues of law. A bankruptcy court's conclusions of law are reviewed by this court *de novo*. *In re DSC, Ltd. (Riverview Trenton R.R. v. DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007).

III.

*Analysis*

A homestead exemption of at least $5,000.00 is guaranteed by the Tennessee Constitution. *See* Tenn. Const., art. XI, § 11. That constitutional guarantee is codified at section 26-2-301(a), which provides a basic $5,000.00 homestead exemption to an "individual . . . upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence." In proceedings where "individuals who jointly own and use real property as their principal place of residence" each wish to claim a homestead exemption, subsection (a) provides for aggregate "exemptions" of $7,500.00 total, which reduces the "individual" homestead exemption to a maximum of $3,750.00 per "individual."

Section 26-2-301(e), enacted in 2004, increases the homestead exemption for property owners aged sixty-two or older. An "unmarried individual" in that age group is

4

entitled to an exemption of $12,500.00. A "married couple" with one spouse who is at least sixty-two receives an exemption of $20,000.00, increasing to $25,000.00 for a "married couple" in which both spouses are at least sixty-two.

By contrast, newly-enacted section 26-2-301(f) addresses only the increased homestead exemption available to "an individual" with custody of one or more minor children "on real property that is owned by the individual and used by the individual as a principal place of residence." Unlike subsections (a) and (e), subsection (f) does not modify or clarify the exemption(s) available to married couples who otherwise satisfy its criteria.

As to the first issue before the court, the undersigned cannot conclude that married persons are excluded merely by subsection (f)'s use of the word "individual," nor does it appear necessary to rely on outside sources such as Black's Law Dictionary to understand the meaning of "individual" in the context of Tennessee's homestead exemption statute. The court has instead looked to the legislature's use of the word "individual" in "the specific context in which that language is used, and the broader context of the statute as a whole," *see Robinson v. Shell Oil*, 519 U.S. 337, 341 (1997), mindful that Tennessee courts employ "enlarged liberality" in construing exemption statutes. *See Dickinson v. Mayer*, 58 Tenn. 515, 520 (1872).

At subsection 26-2-301(a), the legislature makes clear that an "individual" can be "a head of family" and a joint owner of property. Also, two times within that subsection, the legislature references an individual's "spouse." In subsection (e), the legislature

5

establishes the homestead exemption available to "an *unmarried* individual who is sixty-two (62) years of age or older." *See* Tenn. Code Ann. § 26-2-301(e) (emphasis added). The "rules of statutory construction declare that a legislature is presumed to have used no superfluous words." *Platt v. Union Pac. R.R.*, 99 U.S. 48, 58 (1878). This court must therefore presume that the word "unmarried" is not superfluous. As such, Tennessee's legislature would not have employed "unmarried" as a modifier of "individual" unless an "individual" can also be married.

Also instructive are subsequent sections of Tennessee's homestead statute. "It is a well-settled principle of law that statutes *in pari materia* are to be construed together; that the different statutes are to be construed as one; that they must be viewed together in all their parts; and if, by any fair construction, the whole can stand together, it is the duty of the court to put that construction upon them." *Fanning v. Gregoire*, 57 U.S. 524, 528 (1853). Tennessee's legislature explains that the homestead exemption applies "to life estates and equitable estates which are owned by an individual and used by the individual *or individual's spouse*," as well as "to leasehold real property which is possessed and used by an individual, *an individual's spouse*, . . . ." *See* Tenn. Code Ann. §§ 26-2-302-303 (emphases added).

Thus, Tennessee's homestead exemption statute is "coherent and consistent" in explaining that an "individual" can be married. The court's inquiry must therefore cease as to that "coherent and consistent" point. *See Robinson*, 519 U.S. at 340 (citations omitted). The Debtors are, irrespective of their marital status, at a minimum entitled to a $25,000.00

6

homestead exemption under subsection 26-2-301(f).

The second issue before the court - whether the Debtors may claim a combined $50,000.00 exemption - is more complex. Tennessee's legislature has elsewhere demonstrated the ability to clarify the homestead exemption that certain married and/or joint property owners are to receive, either by reducing the "per individual" exemption in subsection (a) or by increasing and/or doubling the aggregate exemption in subsection (e). For whatever reason, the legislature did not offer similar guidance when it enacted subsection (f).

It appears that the provision at issue is capable of at least two reasonable interpretations - that one married individual who otherwise meet subsection (f)'s requirements can claim a $25,000.00 exemption, or that both spouses can. The bankruptcy court - for whom the undersigned has extraordinary respect - reached a third interpretation. When a statute is capable of more than one reasonable interpretation, it is ambiguous and the court may look to legislative history for guidance. *See Dixson v. United States*, 465 U.S. 482, 491 (1984).

Finding an arguable ambiguity, the court has procured the statute's legislative history. That history has been provided by the Tennessee State Library and Archives, in the only available form which is a series of ten audiocassettes. The tapes chronicle the material subcommittee, committee, and full body meetings of the Tennessee House and Senate.

7

The court has reviewed each audio. Two of the tapes, representing the House Budget Subcommittee meetings of May 30 and June 11, 2007, contain no discussion of the pending legislation. A third, the June 11, 2007 House Calendar & Rules Committee meeting, offers no audible discussion.

Several other transcripts are equally unilluminating. Those are the March 13, 2007 Senate Finance and Tax Subcommittee meeting, the April 4, 2007 full Senate session, the April 17, 2007 House Civil Practice and Procedure Subcommittee meeting, and the June 11, 2007 House Finance, Ways and Means Committee meeting. The brief discussions therein contain the words "individuals," "households," and "families," but the amendment's application (or lack thereof) to married couples is not meaningfully addressed.[3]

The remaining transcripts hint at conflicting results. At the full House vote on June 12, 2007, sponsoring Representative Kevin Brooks states, "[This bill] will ... set the basic homestead exemption for an individual with custody of at least one minor child at no more than $25,000.00." Representative Brooks's use of the word "basic" implies that the exemption can be aggregated. At the March 27, 2007 Senate Finance, Ways & Means Committee meeting, sponsoring Senator Dewayne Bunch stated, "The constituents brought this issue to me and said, 'you know, that uh, there is a hardship provision, basically, that if you have minor children in your custody that you would also be entitled to that same

---

[3] The House Civil Practice and Procedure Subcommittee meeting is most noteworthy for Representative Rob Briley's somewhat prophetic speculation that the legislature might be "jumping off the cliff in the dark and not know what we got here."

8

exemption we provide for our senior citizens on a homestead exemption.'" Senator Bunch did not make clear, however, whether he meant that the total subsection (f) exemption could go no higher ($25,000.00 total) than the subsection (e) exemption, or that it could be increased as in subsection (e) in the case of married couples. Lastly, at the May 16, 2007 House Judiciary Committee meeting, Representative Brooks stated, "This bill increases the homestead exemption for guardians who have the custody of at least one minor child. It increases the $7,500.00 threshold set 190 years ago to $25,000.00." His comparison to the aggregate married exemption total of subsection (a), if intentional, suggests that $25,000.00 is the cap for married couples under subsection (f).

In sum, subsection 26-2-301(f)'s legislative history is essentially silent, but for a trickling of conflicting statements, as to the issue on appeal. Courts cannot take guidance from unilluminating legislative history. *See Keene Corp. v. United States*, 508 U.S. 200, 208-09 (1993). The undersigned cannot do so in this case and must therefore return to the plain language of 26-2-301(f) as it was enacted by the Tennessee legislature.

It is again noted that the legislature knows how to restrict, increase, and clarify the homestead exemption to which joint owners of real property are entitled, *see* Tenn. Code Ann. § 26-2-301(a), (e), but chose not to do so in the enactment of subsection (f). As written and enacted, subsection (f) is most akin to Tennessee's personal property exemption. *See* Tenn. Code Ann. § 26-2-103. That statute grants a maximum $4,000.00 personal property exemption to a singular "debtor" but does not include a provision for married couples. The

9

$4,000.00 exemption is nonetheless available to *each* spouse in the case of a joint bankruptcy filing. *See, e.g., In re Staggs*, 381 B.R. 230, 233 (Bankr. M.D. Tenn. 2008). Had Tennessee's legislature intended for the minor child homestead exemption *not* to be available to each spouse, or to be otherwise limited in some way, the court is confident that those parameters would have been set forth in subsection (f). Given the legislature's demonstrated ability to express such parameters in subsections (a) and (e), the court can reach no other conclusion. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (citation omitted).

> Subsection (f) sets the basic homestead exemption for an individual with custody of at least one minor child at no more than $25,000. The statute allows EACH *individual* debtor: (1) with custody of at least one minor child[;] (2) with ownership interest in the principal residence; and (3) using such as the principal place of residence, a homestead exemption of $25,000. . . . Therefore, under the law, as amended, *EACH* debtor is entitled to a $25,000 homestead exemption.
>
> . . .
>
> . . . T.C.A. § 26-2-301(f)'s plain meaning gives each individual debtor the enhanced homestead exemption when all provisions of the statute are met, such as in this case.

*Staggs*, 381 B.R. at 232-33 (emphases in original).[4]

---

[4] Additionally, a reading of article XI, section 11, of the Tennessee Constitution could lead to the argument that it would be unconstitutional to deny a homestead exemption to the second spouse. *See Staggs*, 381 B.R. at 233 ("To interpret the statute as suggested by the Trustee would (continued...)

10

Case 3:08-cv-00123-RLJ-HBG   Document 11   Filed 01/06/09   Page 10 of 11   PageID #: 227

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge

---

[4](...continued)
require the court to deprive one of these debtors of their Constitutional right to a homestead exemption."); *see also Prater v. Prater*, 9 S.W. 361, 365 (Tenn. 1888) (the right of homestead is a constitutional right in the individual); *Coe v. Nelson*, 59 S.W. 170, 172 (Tenn. Ch. App. 1900) (same).

11

Case 3:08-cv-00123-RLJ-HBG   Document 11   Filed 01/06/09   Page 11 of 11   PageID #: 228